UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RHONDA RICE CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | 3:20-CV-00099-DCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| GREATER KNOXVILLE | ) | |
| CHAMBER OF COMMERCE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's motion to strike portions of Plaintiff's deposition and Plaintiff's third supplemental response to interrogatories, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Local Rule 7.1(a) of the United States District Court for the Eastern District of Tennessee [Doc. 26]. Plaintiff has filed a response in opposition [Doc. 35] and Defendant has filed a reply [Doc. 39]. For the reasons stated herein, the motion is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Rhonda Rice Clayton ("Plaintiff") filed this action against her former employer, Defendant Greater Knoxville Chamber of Commerce ("Defendant" or the "Chamber"), alleging Defendant discriminated and retaliated against her on the basis of sex in violation of the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e, *et seq.* ("Title VII") [Doc. 1]. Plaintiff worked for Defendant from 1993 until her termination in 2019 and was promoted to Executive Vice President of the Chamber in 2003 [Doc. 1]. Plaintiff reported to Mike Edwards ("Edwards"), who was President and CEO of the Chamber from 2002 until his retirement in 2019 [Doc. 1, ¶ 27].

When Edwards announced he was planning to retire, Defendant formed a search committee for a new President and CEO to be chaired by Chamber Board Chair Terry Turner ("Turner") [Doc. 1, ¶¶ 44, 46]. Plaintiff applied and interviewed for the position of President and CEO, but on March 26, 2019, the Chamber's Board of Directors hired Mike Odom ("Odom") instead [Doc. 28, ¶¶ 252, 253]. After Plaintiff learned she was not chosen to be President and CEO of the Chamber, she complained to Edwards that Turner and the committee did not choose her because she is a woman [Doc. 28, ¶ 265; Doc. 27-5].[1] Sometime later, Plaintiff alleges she had a second conversation with Edwards in which Edwards told her Turner was angry with her for complaining of sex discrimination against the Chamber [Doc. 22-3, pg. 84; 440:18-24].

On May 20, 2019, Odom sent an email to Turner explaining that he planned to eliminate Plaintiff's position with the Chamber and offer her a severance package as part of an effort to reorganize the team and save money on salary [Doc. 27-125]. On May 31, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging she was not selected as President and CEO of the Chamber because of her sex [Doc. 28, ¶ 285]. Odom officially began his tenure as President and CEO of the Chamber on June 3, 2019, and the EEOC emailed a notice of Plaintiff's discrimination charge to him on June 12, 2019 [Doc. 1, ¶¶ 28, 114].

On September 18, 2019, Odom eliminated Plaintiff's position as Vice President and the Chamber terminated her employment effective immediately [Doc. 1, ¶¶ 117, 120]. Plaintiff then

---

[1] Defendant states in its Statement of Undisputed Facts [Doc. 28] that "Plaintiff claims she told Edwards her belief that she had been discriminated against because she is a woman." [Doc. 28, ¶ 265]. Plaintiff disputes this to say that she spoke with Edwards on March 28, 2018 [sic] about "sex discrimination in connection with the CEO/President position," and that Edwards confirmed her complaints at his deposition, though Edwards could not remember the exact date of the conversation. [Doc. 28, ¶ 265].

2

Case 3:20-cv-00099-DCLC-HBG   Document 41   Filed 12/10/21   Page 2 of 9   PageID #: 3429

filed an amended charge of discrimination with the EEOC, claiming the Chamber terminated her in retaliation for having complained of sex discrimination [Doc. 26-1]. On March 5, 2020, Plaintiff filed this action alleging Defendant discriminated against her on the basis of sex because it did not select her as President and CEO and alleging Defendant then retaliated against her for complaining of sex discrimination by terminating her employment [Doc. 1].

The Court set forth a scheduling order with a fact and expert discovery cut off date of August 16, 2021, and the parties commenced discovery [Doc. 18]. On June 16, 2020, the parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26, and Plaintiff disclosed Edwards and Turner as witnesses with "knowledge of the allegations contained in the Complaint, as well as Defendant's policies and procedures." [Doc. 26-2]. Defendant then served interrogatories on Plaintiff asking Plaintiff to "identify all individuals you believe possess information to suggest that you were not selected as President/CEO of the Knoxville Chamber in 2019 because of your sex," and to "provide a summary of the information you believe each person [possesses]." [Doc. 26-3, pg. 1]. Plaintiff objected to this interrogatory as "overly broad in time and scope, vague and ambiguous, and unduly burdensome," and referred Defendant to her initial disclosures [Doc. 26-3, pg. 2]. On July 16, 2021, Plaintiff supplemented her responses to add more information about what Edwards and Turner might know but did not mention any conversations between herself and Edwards in the supplement [Doc. 26-4]. On July 28, 2021, Plaintiff supplemented her response a second time, but again did not mention any conversation between herself and Edwards [Doc. 26-5].

Between August 5 and August 12, 2021, the parties deposed Edwards, Turner, and Plaintiff. Edwards testified that Plaintiff complained to him that she did not get the President/CEO job with the Chamber because she is a woman [Doc. 27-5]. At her deposition, Plaintiff testified

to this and a second conversation with Edwards [Doc. 22-3]. According to Plaintiff, the first conversation occurred on March 28, 2019, and the second conversation, in which Edwards allegedly told Plaintiff that Turner was "angry" with her because of her discrimination claim, occurred "sometime after March 29." [Doc. 26, ¶¶ 26-28].

Now that discovery has closed, Defendant argues Plaintiff failed to disclose these "two alleged conversations with [Edwards]" that are key to her claim of retaliation because they impute knowledge to Defendant of Plaintiff's sex discrimination claims [Doc. 26]. Plaintiff acknowledges that she did not mention or disclose the conversations prior to her deposition but explains that "she did not recall the specific discrimination complaints to Edwards until hearing it during Edwards' [August 5, 2019] deposition." [Doc. 35, pg. 8]. At his deposition, Edwards testified:

> Q: Now, after the decision was announced that [Plaintiff] didn't get the CEO position do you know if [she] was upset?
>
> A: Yes
>
> Q: Did you talk to her about that?
>
> A: Yeah, I'm sure I did. She was real upset for a good long while and talking was not really the time.
>
> Q: She was upset and she told you that she thought that if she had been a man she would have gotten that position?
>
> A: I think she said that; yes.
>
> Q: And did she tell you that she was going to see a lawyer about it?
>
> A: Yeah.

Doc. 27-5, pgs. 27-28, 62:17-63:6]. Plaintiff explains that this testimony from Edwards reminded her that she had spoken with him twice shortly after she learned she was not chosen for the

4

President/CEO position [*Id.*]. At her own deposition, Plaintiff testified to the two conversations. Regarding the contents of the first conversation, Plaintiff testified:

> Mr. Edwards came into my office, as he often did, and sat down in what I called his chair in front of my desk, and he said, "I know you are upset." And I said, "Yes, I am." And it was kind of quiet for a while, and I think he said, "What can I do?" To which I did want him to -- obviously, I was very upset, and I told him that I believed that I had been discriminated in the process because I was a female and that there was never any intention to hire a female and that I was just kept through the search process so it would look like I was still a candidate, and that I was going to talk to an attorney about this.

[Doc. 22-3, pgs. 83-84; 165:25-166:12].

Regarding the second conversation, Plaintiff testified:

> Mike Edwards had been in his office for a while on the phone and was talking to Mr. Turner, and he told me after they finished the conversation -- Mike and I were walking out together going to the parking garage, and Mike says to me that Terry Turner is angry with me . . . [a]nd I said, "Because of my claim?" And he said, "Yes."

[Doc. 22-3, pgs. 84-85; 168:18-169:3].

On September 29, 2021, Plaintiff supplemented her responses to Defendant's interrogatories to include both conversations with Edwards [Doc. 26-7]. Defendant now moves to strike the portions of Plaintiff's deposition and the interrogatory response that reflect these two conversations with Edwards on the grounds that Plaintiff failed to disclose them in a timely manner.

## II. ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides:

> [I]f a party fails to provide information or identify a witness as required by Rule 26 (a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Federal Rule of Civil Procedure 26(a) requires parties to supply, without awaiting a discovery request, the "name and [contact information] of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Here, Plaintiff served her initial disclosures pursuant to Rule 26(a)(1) on June 16, 2020. [Doc. 26-2]. In this document, Plaintiff listed Mike Edwards and Terry Turner as persons with "knowledge of the allegations contained in the Complaint[.]" [*Id*.]. Plaintiff has complied with Rule 26(a) because she supplied the name and contact information for Edwards and Turner in her initial disclosures, along with the subject of the information they may have.

Thus, Defendant's argument to strike hinges on whether Plaintiff has complied with Fed. R. Civ. P. 26(e). Rule 26(e) requires parties who have made a disclosure under Rule 26(a) to supplement these initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known" during the discovery process. Fed. R. Civ. P. 26(e)(1). Here, Plaintiff claims she remembered the two conversations with Edwards only after she heard Edwards testify about the first at his August 5, 2021 deposition. Plaintiff then testified about the conversations in her own deposition on August 12, 2021, and later supplemented her responses to Defendant's interrogatories to include them. Plaintiff argues Defendant's interrogatories were "overbroad," and the fact that she did not include every possible fact related to Turner and Edwards in her answers "should not be a basis to exclude highly relevant evidence." [Doc. 35, pg. 10]. Defendant questions Plaintiff's sincerity and argues that she only "manufactured" the testimony to support her retaliation claim [Doc. 26, pg. 14].

6

The Court sees no reason to question Plaintiff's explanation that Edwards' testimony reminded her of the conversations with him, and notes that Plaintiff testified about them at her own deposition, only seven days after she heard Edwards testify. Taking Plaintiff's explanation as true, she has complied with Rule 26(e). But even assuming *arguendo* that Plaintiff's timing amounts to a failure to disclose in violation of Rule 26(e), she may still be able to use the conversations as evidence if her supposed failure to disclose was substantially justified or harmless.

Defendant asserts Plaintiff intentionally waited to disclose the conversations until her own deposition, and that this delay was neither substantially justified nor harmless. Defendant argues Plaintiff's explanation--that she simply forgot the conversations—is not sufficient to show substantial justification and contends that her late disclosure prejudiced Defendant in preparing for the other witness depositions, particularly that of Edwards.

"[T]o assess whether a party's omitted or late [discovery] disclosure is substantially justified or harmless [courts must consider] five factors[:] (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015) (internal citations and quotation marks omitted).

As to the first factor, Defendant learned about the first conversation--Plaintiff's discrimination complaint to Edwards--at Edwards' deposition on August 5, 2021, though Edwards did not supply a date or timeline for the conversation [Doc. 26, ¶ 31]. Defendant had the opportunity to question Edwards about that conversation. Then on August 12, 2021, Plaintiff testified to the second conversation, during which Edwards allegedly told her Turner was angry with her.

Plaintiff's deposition was conducted four days before the discovery cut-off date, over a month before the dispositive motion cut-off date of October 4, 2021, and more than six months before the trial which is scheduled to begin February 28, 2022 [*See* Doc. 18]. With more than a month between Plaintiff's deposition and the dispositive motion deadline, and six months between the deposition and trial, it is hard to see how Defendant was surprised by Plaintiff's testimony in any meaningful way. Nor does it appear Defendant has been precluded from curing any such surprise. Defendant argues Plaintiff's failure to disclose these two conversations prejudiced it "particularly in preparing for Edwards' deposition." [Doc. 26, pgs. 2-3]. But Defendant's counsel had an opportunity to question Edwards about the first conversation at his deposition, and later had an opportunity to question Plaintiff about both conversations at her deposition. Indeed, Defendant did press Plaintiff for details about the first conversation with Edwards [Doc. 26, ¶ 30]. Defendant also questioned Turner on August 9, 2021 about whether he knew of Plaintiff's claim of sex discrimination, and whether he spoke with Edwards about it [Doc. 26, ¶¶ 33, 34; Doc. 22-4]. It is true that Plaintiff supplemented her answers to interrogatories on September 29, 2021, after discovery cut-off, but this supplement did not add details of the conversations that were not already known to Defendant at Plaintiff's deposition. Thus, factors one and two weigh against a finding that Defendant was prejudiced by Plaintiff's disclosure of the conversations.

As to factor three, evidence of the conversations would not disrupt the trial in this matter because the trial is not set to begin until February 28, 2022. At trial, Defendant will have ample opportunity to question Plaintiff and other witnesses regarding the truth and content of these conversations. As to the fourth factor, the evidence is essential to Plaintiff's retaliation claim because it concerns whether and at what time Defendant learned Plaintiff planned to lodge a discrimination claim against it. As to the fifth factor, Plaintiff explains that she forgot about the

conversations until she heard Edwards testify. While simply forgetting may not be substantial justification for failing to timely disclose evidence, this factor alone does not give the Court reason to strike this evidence in this case. The factors weigh in favor of finding that Plaintiff's disclosure of the Edwards conversations did not prejudice Defendant, and that is enough to avoid sanctions pursuant to Fed. R. Civ. P. 37. Therefore, the Court will not strike the conversations from the record and will consider them in ruling on the pending motion for summary judgment.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion to strike [Doc. 26] is **DENIED**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge

9

Case 3:20-cv-00099-DCLC-HBG   Document 41   Filed 12/10/21   Page 9 of 9   PageID #: 3436